1  ROBERT E. SCHROTH JR., ESQ. - BAR NO. 212936
2  TRAVIS E. DAVIS, ESQ. - BAR NO. 291776
   SCHROTH & SCHROTH
3  2044 FIRST AVE., SUITE 200
   SAN DIEGO, CA 92101
4  TELEPHONE: (619) 233-7521
5
6  Attorneys for Plaintiff, ROSEMARIE PESCI
7
8            UNITED STATES DISTRICT COURT
9           SOUTHERN DISTRICT OF CALIFORNIA
10
   ROSEMARIE PESCI,                    )  CASE NO.  '14CV0835 L    BGS
11                                     )
              Plaintiff,               )
12                                     )
       vs.                             )  PLAINTIFF ROSEMARIE PESCI'S
13                                     )  COMPLAINT FOR:
                                       )
14 ERIK K. SHINSEKI, IN HIS            )  (1) VIOLATION OF THE FAMILY
   OFFICIAL CAPACITY AS                )  AND MEDICAL LEAVE ACT OF
15 SECRETARY OF THE                    )  1993, 29 U.S.C. § 2601 ET SEQ.
   DEPARTMENT OF VETERANS              )
16 AFFAIRS, VA LOMA LINDA              )  (2) VIOLATION OF THE
   HEALTHCARE SYSTEM, AND              )  CALIFORNIA FAMILY RIGHTS
17 DOES 1-10, INCLUSIVE,               )  ACT, CALIFORNIA
                                       )  GOVERNMENT CODE § 12945.2
18            Defendants.              )
                                       )  (3) WRONGFUL TERMINATION IN
19                                     )  VIOLATION OF PUBLIC POLICY
                                       )
20                                     )
                                       )  (4) UNPAID OVERTIME
21                                     )  COMPENSATION IN VIOLATION
                                       )  OF CALIFORNIA INDUSTRIAL
22                                     )  WELFARE COMMISSION
                                       )  ORDERS AND CALIFORNIA
23                                     )  LABOR CODE SECTIONS 200, 500,
                                       )  510, AND 1198;
24                                     )
                                       )
25                                     )
                                       )  (5) REST AND MEAL PERIOD
26                                     )  COMPENSATION IN VIOLATION
                                       )  OF CALIFORNIA LABOR CODE
27                                     )  SECTIONS 512;
28                                     )

-1-

)
)
)
)        **DEMAND FOR JURY TRIAL**
)
)
)
)
)
)
)
)
_____

COMES NOW, Plaintiff Rosemarie Pesci ("Pesci"), by and through her attorney Robert E. Schroth, Jr., and complains of the Defendants, Erik K. Shinseki, in his official capacity as secretary of the Department of Veterans Affairs, VA Loma Linda Healthcare System, and Does 1 through 30, inclusive, (hereinafter collectively "Defendants") as follows:

### I.

### <u>JURISDICTION AND VENUE</u>

1.      Plaintiff's first cause of action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.  This Court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

2.      Plaintiff's second cause of action involves application of the California Family Rights Act, California Government Code § 12945.2.  This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

3.      Plaintiff's third cause of action involves application of California public policy and common law.  Plaintiff's fourth and fifth causes of action involve application of California's Labor Code.  This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

4.      The claims asserted in this action arose within this district and the alleged discrimination and damage occurred in this district.  Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

## II.

## PARTIES

5.      Ms. Pesci is, and at all times material hereto was, a citizen of the State of California, residing in San Diego County, California.

6.      Defendant Erik K. Shinseki is the Secretary of the Department of Veterans Affairs and is sued in his official capacity.  The VA Loma Linda Healthcare System ("VA Loma") is a department within, and answerable to, the Department of Veterans Affairs.  The Department of Veterans Affairs is part of the executive branch of the United States government.

7.      Pesci is informed and believes, and upon that basis alleges, that Shane Elliott is, and at all times material hereto was, an agent, employee and servant of the master, VA Loma, and was acting within the course and scope of his agency or employment authority as such, with knowledge, express or implied, of VA Loma Linda Healthcare System. Elliott, acting under authority of VA Loma, terminated Pesci while she was out on leave permitted under the FMLA, and caused Pesci to be terminated from her employment in violation of the FMLA. Accordingly, adherence to the fiction that Elliott was acting outside the scope of his authority would permit abuse of the corporate privilege and would sanction fraud and promote injustice.  Pesci has not named Elliott as a defendant in this action to the extent prohibited by law.

8.      The true names and capacities for the individual, corporate, associate or otherwise of defendants, DOES 1-10, inclusive and each of them are unknown to

Pesci, who therefore sues such defendants by such fictitious names.  Pesci will amend this Complaint to show their true names and capacities when the same have been ascertained.  Pesci is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to, and caused injuries and damages proximately thereby to plaintiffs as herein alleged.

9.      Pesci is informed and believes and thereon alleges that at all times material herein, each of the defendants designated herein including the fictitiously designated defendants are negligently and wrongfully responsible in some manner for the events and happenings herein referred to, and their negligent and/or wrongful acts and omissions caused the injuries and damages to the plaintiffs as herein alleged either through the defendants' own negligence and wrongful conduct or through the defendants' own negligence and wrongful conduct or through the conduct of one of their agents, servants, employees, representatives and/or joint ventures, or due to their own ownership, rental, use, supervision, entrustment, leasing, management, employment or permissive use of the instrumentality causing the injury and damages herein alleged.

10.     Pesci is informed and believes and thereon alleges that at all times material herein, each of the defendants was an agent employee, joint venturer, alter-ego, employer and representative of each of the remaining defendants, and at all times mentioned herein, defendants were acting within the time and within the authority, the course and scope of said agency, employment as a member of a joint venture, as an alter-ego and/or within the said representation and with the full knowledge, ratification, permission and consent of the remaining co-defendants, and each of them.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.

### FACTUAL ALLEGATIONS

11.    At all times material hereto, Pesci was employed by VA Loma Linda Healthcare System as Telecommunications Equipment Operator.

12.  On March 13, 2013 Pesci filed a formal Equal Employment Oppurtunity ("EEO") complaint against VA Loma with the Department of Veteran Affairs.  It has been 180 days since the EEO filing and she has not received a response.  On January 14, 2014 she requested a final agency decision and it has been over 45 days without a response.  Therefore, she has exhausted her administrative remedies.

13.    Pesci has a permanent disability resulting from a cervical injury she suffered in January 2007.  This caused her to be medically retired from the San Diego Sheriff's Dept. where she was injured on duty.  She is still undergoing treatment for the injury.

14.    On October 15, 2012, Pesci was seen in an Urgent Care and placed on a no work status from 10/15/12 – 10/16/12.  Pesci called Sgt. Ocasio with VA Loma and notified him that she would return to work on 10/17/12.

15.    On October 30, 2012, Pesci called her supervisor and notified him that she would be calling in sick due to a severe headache resulting from her permanent disability from her cervical injury.

16.    On November 27, 2012, Pesci notified her Duty Supervisor that she was calling in sick for her scheduled tour.  Pesci was taken to urgent care for a severe headache related to her permanent disability from her cervical injury.  Due to her condition, the doctor transported her by ambulance directly to Loma Linda ER for further evaluation.  Pesci was then placed out of work from 11/27/2012 –

12/3/2012.

17.     On January 7, 2013, Pesci had been feeling sick at work all day and by the evening it became much worse.  Pesci then called her supervisor and advised him that she was sick and would be calling in sick for the following day 1/8/2013.

18.     On January 8, 2013 Pesci advised her supervisor she had been to the doctor and would be out of work until 1/11/2013.

19.     On February 28, 2013, Pesci called her supervisor and advised him that she was sick and would not be coming to work.  Pesci saw a doctor at an urgent care and was placed off work until 03/02/2013.

20.     On March 4, 2013, Pesci called her supervisor in the early morning hours and informed him she was sick and would be calling in sick for the day.  She was seen by a doctor at Orthopedic Medical Group of Riverside, Inc., who placed her off work until March 6, 2013.

21.     On March 8, 2013, Pesci received a Notice of Proposed Removal outlining several reasons for her termination.  The specifications alleged that she was scheduled to work on a certain date, that she had called in and requested sick leave, but that she was deemed Absent Without Leave due to her lack of sick leave.

22.     On March 18, 2013, Pesci responded in writing to the Notice of Proposed Removal.  She stated that her absences were due to illnesses relating to her permanent disability that resulted from a 2007 cervical injury, and were therefore covered under the FMLA.

23.     On April 26, 2013, Pesci received notice of termination, "Decision on Proposed Removal- Removal," despite taking leave as allowed under the FMLA.

24.     Further violations of FMLA occurred when Pesci was informed that she

-6-
Plaintiff Rosemarie Pesci's Complaint
PESCI v. SHINSEKI

was not covered under FMLA to take leave to care for her daughter.  Pesci's daughter suffers from severe asthma, and therefore requires constant care and attention.

25.    Pesci was told by her immediate supervisor that she could not take a leave of absence because her daughter was over the age of 18.  She then discussed the issue with the human resources department at VA Loma; they told her that asthma was not a serious medical condition and they denied her FMLA leave.

26.    Pesci's FMLA request was still processing when she was terminated on May 1, 2013.

27.    During her employment with VA Loma, Pesci received half hour uncompensated lunch breaks, but did not receive her required two 15 minute compensated breaks.  As the department became understaffed, Pesci's lunch breaks were eliminated altogether, and her required two 15 minute breaks were reduced to ten minute breaks.  Furthermore she did not actually receive her ten minute breaks and was forced to work an entire 8- hour shift with no rest or lunch.

28.    Upon Pesci's department being understaffed she was required to and did begin work early everyday approximately 10 minutes before her scheduled work period.  Pesci was not compensated for these ten minutes of work everyday for a period of approximately 4 months.

29.    Several of Pesci's absences, or requested (but denied) absences, were due to her daughter's sickness.  Pesci's daughter has asthma and requires constant care from her mother as described above.

30.    Pesci did inform her employer prior to taking sick leave, with sufficient notice of leave.  Each and every time that Pesci was unable to work due to her disability, she called in to inform the supervisor.

31.     Pesci is informed and believes, and on that basis alleges, that in performing the actions alleged in paragraphs 11 through 30 above, defendants failed to comply with the applicable statutes and regulations, and instead, performed these actions in such a way as to discriminate against Pesci by terminating her while she was out on medical leave.

32.     Pesci is informed and believes, and on that basis alleges, that, as a proximate result of defendant's conduct. (1) Pesci's right to extended leave to care for her health was interfered with and impaired; (2) VA Loma's termination of Pesci was in retaliation to Pesci taking a leave of absence to care for herself and violated her right to the same or equivalent employment upon her return from leave.

33.     As a proximate cause of defendant's conduct, Pesci was not compensated during her leave of absence and was required to expend significant personal sums for her medical necessities and her own physical and mental well-being. Additionally, as a proximate cause of defendant's conduct, Pesci has been unemployed and has been and will continue to experience a loss of wages while being forced to expend significant personal sums in order to obtain reinstatement to the Telecommunications Equipment Operator position to which she is entitled, to provide food, shelter, and clothing for both herself, and to the provide the medical care necessary for herself to assure her continued recovery.  These expenditures and costs are consistent with those recoverable for violation of the FMLA.

## IV.

## CAUSES OF ACTION

### A.

## FIRST CAUSE OF ACTION – AGAINST ALL DEFENDANTS

(Compensatory Damages and Declaratory Relief Under the FMLA)

29 U.S.C. § 2617(a)

34.    Pesci realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

35.    Pesci is informed and believes, and on that basis alleges, that VA Loma qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Pesci is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

36.    Pesci is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that Pesci was denied her entitlement to leave as prescribed in FMLA.

37.    Pesci is informed and believes, and on that basis alleges, that Pesci was entitled to restoration to her position as described in the FMLA, 29 U.S.C. § 2614(1), and that Pesci was denied restoration to the same or equivalent position as prescribed in FMLA.

38.    Pesci is informed and believes and on that basis alleges that defendant is responsible under the FMLA, 29 U.S.C. § 2617(a).

39.    As the result of Pesci's termination, Pesci has incurred, and is now incurring, a loss of wages and continuing health care and medical expenses, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proven at trial, but believed to exceed $25,000.  These costs include, without limitation, lost wages and medical expenses during Pesci's leave of absence, back pay from the effective date of termination, lost health care and medical expenses from the date of termination, and lost employment benefits from the date of termination,

the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617.  The costs also include attorneys' fees.

40.     Pesci is informed and believes, and on that basis alleges, that pursuant to 29 U.S.C. § 2617(a), defendants are liable to Pesci for the costs described in the preceding paragraph.

41.     An actual controversy now exists between Pesci on the one hand, and defendants, on the other, in that Pesci contends that defendants are liable under the FMLA, 29 U.S.C. § 2617(a), for all lost wages, benefits, and costs to be incurred by Pesci and reinstatement of Pesci to her previous position of Telecommunications Equipment Operator, in connection with the alleged employment discrimination perpetrated by VA Loma. Pesci is informed and believes, and on that basis alleges, that the defendant contends in all respects to the contrary.

42.     A declaration of the rights and obligations of the parties, pursuant to FMLA, 29 U.S.C. § 2617(a), binding in any subsequent action or actions to recover further costs incurred by Pesci, is appropriate and in the interests of justice.

**B.**

**<u>SECOND CAUSE OF ACTION – AGAINST ALL DEFENDANTS</u>**

(Unlawful Refusal Of Request For Leave Of Absence In Violation Of California Government Code Section 12945.2)

43.     Pesci realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

44.     As more fully set forth above, Pesci was employed by Defendants, and each

of them, both independently and as alter egos, for longer than twelve (12) months, and Pesci had worked more than 1,250 hours during the twelve (12) month period immediately preceding her request for medical leave.

45.     Defendant VA Loma is an "employer" as defined by California Government Code Section 12945.2 because they employ more than fifty (50) persons to perform services for a "salary" or wage, as further defined by the California Labor Code.

46.     The California Family Rights Act entitles employees who, like Pesci, have met the requirements of the act, and who make a lawful request to take up to a total of twelve (12) workweeks in any 12-month period for the purpose of caring for their health.  As more fully set forth above, Pesci made numerous lawful requests to Defendants, and each of them, for a leave of absence from her employment for medical reasons.

47.     As also set forth more fully above, the Defendants, and each of them, terminated Pesci after her foregoing lawful requests for a leave of absence.

48.     Defendants further failed and refused to guarantee that Pesci would be returned to her existing position, with a similar hourly wage or "salary," once Pesci returned from leave, if any.  To the contrary, Defendants terminated Pesci while she was out on medical leave.

49.     Furthermore, Defendants denied Pesci her use of medical leaves for the care of her daughter who has severe asthma, a serious illness which requires constant care to monitor breathing and administer medications.

50.     Consequently, Defendants, and each of them, failed in their responsibility to assess, and grant, Pesci's entitlement to leave under the California Family Rights Act, and therefore, denied Pesci her substantive rights under the act.

## C.

## THIRD CAUSE OF ACTION – AGAINST ALL DEFENDANTS

(Wrongful Termination in Violation of Public Policy)

51.     Pesci realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

52.     As more fully set forth above, Defendants, and each of them, acted in contravention of California public policy by refusing to allow Pesci to take a leave of absence pursuant to either the California Family Rights Act or the Family and Medical Leave Act.  Specifically, the California Legislature has, through its enactment of the foregoing legislation, recognized the need to allow families and employees within the State of California to take a leave of absence from their employment to care for their health and the health of their immediate family. Indeed, the Legislature has deemed this public policy so important that beginning July 1, 2004, California employees have the legal right under the "California Paid Family Leave" Act to collect up to twelve (12) weeks of disability compensation per year.  The purpose of the California Family Rights Act is to encourage more employees to take time off to take care of their health.

53.     As a proximate result of  Pesci's inability and refusal to accept Defendant's illegal conduct as described more fully above, and in violation of public policy as also described more fully above, Defendants, by and through its partners, officers, agents, servants, managers, and supervisors, intentionally and knowingly created, fostered, accepted, and ratified intolerable working conditions for Pesci.  At all relevant times to this Complaint, Defendants had actual knowledge of the foregoing intolerable working conditions and yet, despite this knowledge, Defendants, and each of them, failed and refused to alleviate the same.

54.     Consequently, Pesci has suffered the loss of her employment, attendant compensation, and other economic damages.

55.     In doing the acts set forth above, Defendants, and each of them, knew and understood that their failure to allow Pesci medical leave was blatantly unlawful and in direct violation of well-established public policy.  In fact, Pesci brought the foregoing matters to the attention of Defendants, and each of them, on numerous occasions throughout the entirety of her employment tenure with Defendants.

56.     Notwithstanding the foregoing knowledge, Defendants despicably subjected Pesci to cruel and unjust hardship in conscious disregard of Pesci's rights by terminating Pesci during her election to take medical leave.  The Defendants, and each of them, committed this oppressive conduct.  The Defendants' foregoing conduct was so willful and despicable that it warrants the assessment of punitive damages.

57.     Defendants, and each of them, authorized and ratified the conduct of their employees, managers, supervisors, and managing agents by allowing such blatant violations of pubic policy.  At all times relevant to this Complaint, Defendants, and each of them, knew and understood the nature and extent of the intolerable working conditions placed upon Pesci's employment.  Indeed, as mentioned above, Pesci continually notified the Defendants, and each of them, of the nature and extent of the intolerable working conditions that she was suffering.

58.     Notwithstanding the numerous and continuous notices and warnings that Pesci provided, Defendants, and each of them, intentionally failed and refused to cure or otherwise reform their unlawful conduct.  The foregoing unlawful conduct was, at all times relevant to this Complaint, ratified, authorized, and performed at the direction of the Each of the directors, managing partners, partners, officers,

and/or agents of Defendant VA Loma.  Said unlawful conduct was further ratified, authorized, and performed at the direction of Acting Medical Director Shane Elliott.

## D.
## FOURTH CAUSE OF ACTION – AGAINST ALL DEFENDANTS

(REST AND MEAL PERIOD COMPENSATION IN VIOLATION OF CALIFORNIA LABOR CODE 512 AND WAGE ORDER NO. 4 FOR NOT PERMITTING REST AND MEAL PERIODS)

59.     Pesci realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

60.     The VA Loma's refusal to actively ensure Pesci was permitted, during the course of her entire employment, to have a meal period during several of Pesci's five or more hour shifts constitutes a violation of California Labor Code Section 512, which requires an employer to provide an employee with a meal period of not less than thirty minutes when the employee works more than five hours per day.  Such conduct is also a violation of Wage Order No. 4.

61.     The VA Loma's refusal to actively ensure Pesci was permitted, during the course of her entire employment, to have a rest period constitutes a violation of California Labor Code   Section 226.7 and Wage Order No. 4.  Wage Order No. 4 requires that every employer shall authorize and permit (via conducive working conditions) all employees to take rest periods at the rate of ten minutes net rest period per four hours of work or major fraction thereof.  Such authorized rest period time must be counted as hours worked for which there shall be no deduction from wages.

62.     Because of the VA Loma's refusal to actively ensure Pesci was permitted to have meal periods and rest periods, Pesci is entitled to premium pay consisting of

-14-

one hour of pay at her regular rate of compensation for each work day that the meal period was not taken and for each work day that the rest period was similarly not taken.  Additionally, VA Loma's intentional and willful refusal to provide premium-pay associated with these violations is itself a violation of the provisions of California Labor Code Section 216 because, as more fully set forth above, VA Loma, having the ability to do so, unlawfully refused to honor Pesci's request for such payment, despite their collective knowledge that such refusal was without merit and baseless.  Additionally, this intentional, willful conduct also constitutes a violation of California Labor Code Section 204 because the premium-pay wages due and owing Pesci for these violations were not timely paid as required therein.

**E.**

**<u>FIFTH CAUSE OF ACTION – AGAINST ALL DEFENDANTS</u>**
(FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE SECTIONS 200, 500, 510, 1194, AND 1198)

63.    Pesci realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

64.    Pursuant to Industrial Welfare Commission Wage Order 4-2001 and California Labor Code Sections 200, 500, 510, 1194, and 1198, for the entirety of Pesci's employment tenure, VA Loma were required to compensate Pesci for all overtime calculated at one-and-one-half (1½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours worked on the seventh consecutive work day; with double-time wages after eight (8) hours on the seventh day of any

workweek, or after twelve (12) hours in any workday.

65.    Throughout the entirety of Pesci's  employment with VA Loma, Pesci was a non-exempt employee entitled to the protections afforded by Industrial Welfare Commission Wage Order 4-2001 and California Labor Code Sections 200, 500, 510, 1194, and 1198.  During the entire course of Pesci's employment, VA Loma, had intentionally failed and refused to compensate Pesci for the overtime hours Pesci worked as required by California law.

66.    As more fully set forth above, under California law Pesci is entitled to one-and-one-half (1½) times and/or double her regular rates of pay for overtime work performed during the entirety of Pesci's employment tenure with the VA Loma.

67.    As more fully set forth above, under California law Pesci is entitled to one-and-one-half (1½) times and/or double his regular rate of pay for overtime work performed during the entirety of Pesci's employment tenure with the VA Loma, and each of them, based upon calculations of the "total remuneration" for each work week within this time frame.

68.    In violation of California law, VA Loma have knowingly and willfully failed and refused to compensate Pesci for all hours worked and wages earned. VA Loma's intentional and willful failure to pay the full amount of overtime premium-pay due Pesci violates the provisions of California Labor Code Section

216 because, as more fully set forth above, VA Loma, having the ability to pay, unlawfully refused Pesci's request that they do so despite their collective knowledge that such refusal was without merit and baseless. Additionally, this intentional, willful conduct also constitutes a violation of California Labor Code Section 204 because *all* wages due and owing plaintiff were not timely paid as required therein. Furthermore, as a direct and proximate result of this conduct by Defendants, Pesci has suffered, and continues to suffer, substantial losses related to the use and enjoyment of these wages, lost interest on these wages, and expenses and attorney's fees in seeking to compel VA Loma via this lawsuit to fully perform on their obligations under California law all to Pesci's respective damage in an amount according to proof at trial. In addition, Pesci is further entitled to prejudgment and postjudgment interest at the prevailing interest rate of ten percent (10%) per annum, and applicable waiting time and related penalties.

69.     This intentional failure and refusal of Defendants, and each of them, has similarly caused Pesci to suffer emotionally, including, but not limited to, the following injuries: stress, depression, anxiety, humiliation, and sleeplessness.

70.     In addition to compensatory damages, Pesci should receive an award of punitive damages. The conduct of Defendants, of unlawfully withholding Pesci's wages was despicable conduct. This conduct, as discussed more fully above, subjected Pesci to cruel and unjust hardships in conscious disregard of her legal

1  rights.

2

3                                    **V.**

4                          **PRAYER FOR RELIEF**

5          WHEREFORE, Plaintiff Rosemarie Pesci prays for judgment against the

6  Defendants as follows:

7          AS TO THE FIRST CAUSE FOR ACTION FOR COMPENSATORY

8          DAMAGES AND DECLARATORY RELIEF UNDER THE FMLA.

9

10  1.     For compensatory damages and other costs incurred by Pesci according to

11  proof, but believed to exceed $25,000.

12  2.     For Pesci's reasonable attorneys' fees.

13

14  3.     For a judicial declaration that the defendant is liable under the FMLA, 29

15  U.S.C. § 2617(a) for all past, present and future lost wages, employment benefits

16  and other costs incurred by Pesci in connection with Pesci's termination of

17  employment of Va Loma, including, without limitation, reasonable attorneys'

18  fees.

19

20  4.     For special damages according to proof, including lost earnings and other

21  related employee benefits, both past and future;

22          AS TO THE SECOND CAUSE FOR ACTION FOR DAMAGES UNDER THE

23                                   CFRA

24

25  5.     For an award of punitive damages insofar as the intolerable working

26  conditions that Defendants intentionally and knowingly created, and which caused

27  Pesci's termination, was despicable conduct outside all decent bounds tolerated by

28  society.  Said punitive damages should be in an amount appropriate to punish or

set an example of the Defendants and to deter others from engaging in similar conduct;

6.      For compensatory damages according to proof, including lost earnings and other related employee benefits, and damages for emotional distress including, but not limited to depression, anxiety, sleeplessness, humiliation, and embarrassment;

7.      For interest on lost earnings at the prevailing legal rate from March 22, 2011;

8.      For reasonable attorneys fees incurred by Pesci in obtaining the wages and benefits owed to her by Defendants during the course of her employment, and as otherwise allowable by law;

## AS TO THE THIRD CAUSE FOR ACTION FOR DAMAGES FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

9.      For damages according to proof, including lost earnings and other employee benefits, both past and future;

10.     For an award of punitive damages insofar as the intolerable working conditions that Defendants intentionally and knowingly created, and which caused Pesci's termination, was despicable conduct outside all decent bounds tolerated by society.  Said punitive damages should be in an amount appropriate to punish or set an example of the Defendants to deter other from engaging in similar conduct;

11.     For compensatory damages according to proof, including lost earnings and other employee benefits, and damages for emotional distress including, but not limited to depression, anxiety, sleeplessness, humiliation, and embarrassment;

12.     For interest on lost earnings at the prevailing legal rate from March 22,

2011;

13.     For reasonable attorneys fees incurred by Pesci in obtaining the benefits owed to her by Defendants during the course of her employment, and as otherwise allowable by law;

### As TO THE FOUTH CAUSE FOR ACTION FAILURE TO PAY OVERTIME COMPENSATION

14.     WHEREFORE, PLAINTIFF demands a trial by jury of all issues so triable and prays for judgment against the Defendants, and each of them, and jointly and severally to the extent jointly sued, for unpaid overtime compensation in violation of California Industrial Welfare Commission Wage Order 4-2001, and California Labor Code Sections 200, 500, 510, and 1198, as follows:

A.     For the unpaid overtime wages in an amount according to proof, but in excess of the jurisdictional limits of this court, in accordance with California Labor Code Sections 500 and 510;

B.     For compensatory damages according to proof, including lost income on the unpaid earnings and other employee benefits, and damages for emotional distress including, but not limited to depression, anxiety, sleeplessness, humiliation, and embarrassment;

C.     For civil penalties consisting of: $100.00 for the first instance that the Defendants failed to pay wages, or unlawfully withheld wages for each employee and     $200.00 plus 25% of the amount unlawfully withheld for each subsequent violation for each employee or for anyother intentional violation in accordance with California Labor Code Section 210;

D.      For civil penalties consisting of: $100.00 for the first instance that the Defendants willfully refused to pay wages due or falsely denied that wages were due for each employee and $200.00 plus 25% of the amount unlawfully

      withheld for each subsequent violation for each employee or for any other intentional violation in accordance with California Labor Code Section 225.5;

E.      For civil penalties of $100.00 for each instance that the     Defendants failed to pay the minimum wage for each employee per each pay period in accordance with   California Labor Code Section 1197.1;

F.      For attorney's fees and costs pursuant to California Code of Civil Procedure Section 1021.5 or as otherwise  allowable by law; and

G.      For waiting time penalties in accordance with California  Labor Code Section 203;

H.      For reasonable attorney's fees in accordance with California Labor Code Section 218.5;

I.      For punitive damages in an amount appropriate to punish or set an example of the Defendants to deter others from engaging in similar conduct;

J.      For costs of suit incurred in accordance with California    Labor Code Section 218.5;

K.      For pre-judgment interest in accordance with California   Labor Code Section 218.6;

L.      For post-judgment interest in accordance with California  Labor Code Section 218.6; and

M.      For such other and further relief as this court deems just and proper.

AS TO THE FIFTH CAUSE FOR ACTION VIOLATION OF CALIFORNIA LABOR CODE SECTION 512

AND WAGE ORDER NO. 4 FOR NOT PERMITTING MEAL AND REST PERIODS

15.      WHEREFORE, PLAINTIFF demands jury trial of all issues so triable and seeks judgment against the Defendants, and each of them, and jointly and severally to the extent jointly sued, for violation of California Labor Code Sections 512 and 226.7, and Wage Order No. 4 as follows:

A.      For one hour of pay at PLAINTIFF'S regular rate of compensation for each workday that a meal period was not taken;

B.      For one hour of pay at PLAINTIFF'S regular rate of compensation for each workday that a rest period was not taken;

C.      For civil penalties consisting of: $100.00 for the first instance that the Defendants failed to pay wages, or unlawfully withheld wages for each employee and $200.00 plus 25% of the amount unlawfully withheld for each subsequent violation for each employee or for any other intentional violation in accordance with California Labor Code Section 210;

D.      For civil penalties consisting of: $100.00 for the first instance that the Defendants willfully refused to pay      wages due or falsely denied that wages were due for each  employee and $200.00 plus 25% of the amount unlawfully        withheld for each subsequent violation for each employee or for any other intentional violation in accordance with California Labor Code Section 225.5;

-22-
Plaintiff Rosemarie Pesci's Complaint
PESCI v. SHINSEKI

E.     For civil penalties of $100.00 for each instance that the Defendants failed to pay the minimum wage for each employee per each pay period in accordance with California Labor Code Section 1197.1;

F.     For attorney's fees and costs pursuant to California Code of Civil Procedure Section 1021.5 or as otherwise  allowable by law; and

G.     For attorney's fees pursuant to the California Labor Code;

H.     For costs of suit incurred;

I.     For prejudgment interest to the extent authorized by law;

J.     For postjudgment interest to the extent authorized by law; and

K.     For such other relief as this Court deems just and proper.


<u>AS TO ALL CLAIMS</u>

16.    For all costs of suit herein; and

17.    For such other and further relief as the Court deems just and proper.

DATED:  April 8, 2014

ROBERT E. SCHROTH JR. -
Attorneys for Plaintiff


By:    */s/ Robert E. Schroth, Jr.*
ROBERT E. SCHROTH JR

-23-
Plaintiff Rosemarie Pesci's Complaint
<u>PESCI v. SHINSEKI</u>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28